Rxtkmn, C.
 
 J,
 

 Undoubtedly there was nothing to enable the Court to hold, .that the debt to the plaintiff had been extinguished by a payment. There had been no settlement between Alexander and the defendant, no entry •on the books of the firm of a credit to the defendant’s account for the amount of the board, nor even an account rendered to Alexander. It is a case merely of accounts on each side, with this material circumstance affecting the present question, that the account, which the defendant owes, she owes to the firm of C. T. Alexander and Company, while that due to her is an account against C. T. Alexander alone. If Alexander were living and the suit had been brought by both of the partners, this demand against-one of them clearly could not be set off; much less can it be, when the person, against whom the defendant has the demand, is dead, and the suit is brought by the surviving partner. Indeed, so completely does the debt, contracted to the firm, belong to the surviving partner, that the law treats it as altogether his
 
 inproprio jure,
 
 and admits a debt against him to be a good set off, in an action by him as surviving partner.
 
 Hogg
 
 v.
 
 Ashe,
 
 1 Hay. 471. But it is argued for the defendant, •that, under the agreement with Alexander, she has a right to charge the board to the firm, and that, therefore, it is a good set off. The Court, however, holds the law to be otherwise. The debt is apparently that of Alex
 
 *91
 
 andsr alone, as it was for his personal expenses; and there is no suggestion, that, by the agreement between the partners, the firm was to be liable for his board, mor that the defendant had anjr reason to think so, save only that Alexander himself engaged with her, that the firm should be liable for the board, provided she would take goods out of the store for it. That was not sufficient to bind the other member of the firm:; for it is nothing more nor less than the ease of one partner giving the guaranty of the firm for his own debt to a person, who knew it to be his own debt. It has. been so often held, that, by itself, that fact is conclusive of the bad faith of the partner, thus pledging his partners for his separate debt, and also of the bad faith or gross negligence of the person taking it, which prevents the firm, from being bound, that it is only necessary to refer to one or two cases, in which the doctrine has been discussed.
 
 Cotton
 
 v.
 
 Evans,
 
 1 Dev. & Bat. Eq. 284,
 
 Weed
 
 v.
 
 Richardson, 2
 
 Dev. & Bat. 535. Therefore the assumption of Alexander to give to the defendant the security of the firm, for a debí he was about contracting with her on his own account, afforded to her, of itself, no just reason to believe, that he had authority from his partner to do so, but, on the contrary, was evidence to her, that he was abusing his general authority to use the name of the firm. Beside the mere fact, that Alexander made the agreement with the defendant, there is nothing in the case tending to shew,, that Norment gave Alexander a previous authority thus to use the partnership effects and guaranty, or subsequently approved of it. No communication of the agreement seems to have been made to the plaintiff, nor does any entry of a credit of the board, from time to time, appear in the books, nor other matter in the course of the dealings between Alexander and the defendant, or between the partners themselves, from which it can be reasonably inferred, that Norment had notice, that the oth
 
 *92
 
 er partner was pledging the whole firm, instead of his share of it, for his individual debts. The conclusion is, that the plaintiff is not liable for the debt to the defendant, and the judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.